UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELTON POE, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    No. 2:18 CV 415 |
| | ) |
| ARCELORMITTAL USA, LLC, | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION and ORDER

### I.    BACKGROUND

Plaintiff alleges that he was improperly terminated by defendant based on his race and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (DE # 1.) Plaintiff further alleges that defendant committed the state law torts of intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). (*Id.*) Defendant has moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (DE # 9.) Specifically, defendant argues that plaintiff's statutory claims are time-barred, and that the remainder are insufficiently pleaded. (*Id.*)

### II.    LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). In assessing

the pleading of those facts, the court must be cognizant that a complaint filed in federal court is governed by the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, which only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so

2

long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III. DISCUSSION

The court first addresses the timeliness of the statutory claims. Under both Title VII and the ADEA, a plaintiff must exhaust administrative remedies by filing a charge before proceeding to court. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) (Title VII); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (ADEA). The time period for filing a charge on Title VII grounds is 300 days, and for the ADEA, 180 days. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1).

The parties do not dispute that defendant terminated plaintiff on June 15, 2017, nor that plaintiff filed his charge on June 14, 2018, 364 days after his termination. According to defendant, the charge was filed in excess of both the 300-day and 180-day time periods, squelching plaintiff's opportunity to proceed further under either Title VII or the ADEA. Plaintiff argues that the time period for filing his charge did not begin to run until he received a final order of arbitration on January 16, 2018. (DE # 13 at 4.) However, this argument has been squarely rejected by the Supreme Court. *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229,

3

234–36 (1976) (holding that utilization of grievance process does not toll limitations period for filing charge). Plaintiff also attempts to bootstrap his termination claim to an alleged racially-charged comment made after his termination, but the Supreme Court has rejected this tactic as well. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred."). In sum, plaintiff's Title VII and ADEA claims are barred as the related charge was filed after expiration of the relevant statutory time periods.

Defendant has also moved to dismiss plaintiff's IIED and NIED claims as summarily pleaded. (DE # 10 at 4-5.) This argument fails. As the Seventh Circuit has explained, under the notice-pleading standard, a plaintiff need only give "enough details about the subject-matter of the case to present a story that holds together." *Swanson,* 614 F.3d at 404. Plaintiff clearly does so when he claims that defendant caused him distress in connection with his employment and termination. These allegations put defendant on notice of the claim and the grounds upon which it rests. *Erickson,* 551 U.S. at 93. Defendant has limited its arguments to the sufficiency of the pleadings, and has not addressed the legal merits of the claims, so the court limits this ruling in the same manner. For now, the IIED and NIED claims stand.

4

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 9) is **GRANTED, in part, and DENIED, in part.**

                                           **SO ORDERED.**

Date: September 17, 2019

                                        s/ James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT